**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LG CAPITAL FUNDING, LLC

                               Plaintiff,

      v.

024 PHARMA, INC. F/K/A B GREEN
INNOVATIONS, INC.

                             Defendant.

**Civil Action No.:**

**COMPLAINT**

---

Plaintiff, LG Capital Funding, LLC ("Plaintiff" or "LG"), by and through its undersigned attorneys, Garson, Ségal, Steinmetz, Fladgate LLP, brings its Complaint against Defendant, 024 Pharma, Inc. f/k/a B Green Innovations, Inc. ("Defendant" or "BGNN"), and respectfully alleges as follows:

## THE PARTIES

1.    Plaintiff, LG Capital Funding, LLC, is a limited liability company duly organized under the laws of the state of New York, having a principal place of business located at 1218 Union Street, Suite #2, Brooklyn, NY 11225. All members of LG Capital Funding, LLC are citizens of New York.

2.    Upon information and belief, Defendant, 024 Pharma, Inc. f/k/a B Green Innovations, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business located at 224 Datura Street, West Palm Beach, Florida 33401.

3.    Upon information and belief, 024 Pharma, Inc. was formerly known as B Green Innovations, Inc. A true and accurate copy of B Green Innovations, Inc.'s Form 8-

K name change, filed with the Securities and Exchange Commission on October 21, 2016 is attached hereto as **Exhibit A**.

<u>JURISDICTION AND VENUE</u>

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.     Venue is proper in this judicial district pursuant to 27 U.S.C. §1391(a), in that it is a district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of this action is situated.

6.     Further, the agreement from which this dispute arises designates that it is governed and constructed in accordance with the laws of the State of New York and that any action brought by either party against the other must be brought in New York.

<u>FACTS COMMON TO ALL CLAIMS</u>

**<u>The Securities Purchase Agreement and the Note</u>**

7.     On or about January 13, 2015, LG and BGNN entered into a Securities Purchase Agreement (the "SPA"), which provided for the purchase and issuance of an 8% convertible note in the aggregate principal amount of $78,750.00.  A true and correct copy of the Securities Purchase Agreement is attached hereto as **Exhibit B**.

8.     Pursuant to the terms of the SPA, on January 13, 2015, BGNN issued to LG a $78,750.00, 8% Convertible Redeemable Note (the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit C.**

9.    On the same day, January 13, 2015, BGNN sent LG a disbursement authorization in connection with funding the Note.  BGNN instructed LG to disburse $3,750.00 to New Venture Attorneys, P.C., $7,500.00 to Carter Terry & Co., and $67,500.00 to BGNN.  A true and correct copy of the disbursement memorandum is attached hereto as **Exhibit D.**

10.    On January 16, 2015, LG funded the Note pursuant to the disbursement memorandum.  A true and correct copy of the wire confirmation is attached hereto as **Exhibit E.**

11.    The Note provided that BGNN promised to pay to the order of LG and its authorized successors and permitted assigns, the aggregate principal face amount, as well as interest thereupon, on the Note's maturity date of January 13, 2016.  (Ex, C, p.1).

12.    Section 8 of the Note provided for numerous events that constitute an "Event of Default."  (Ex. C, §8).

13.    The Note provided that upon an Event of Default, interest shall accrue at a default interest rate of 24% per annum.  (Ex. C, §8).

14.    In addition to LG's return on investment vis-à-vis the Note's interest rate, Section 4(a) provided LG with the right to convert all or part of the outstanding and unpaid principal into shares of BGNN common stock (the "Common Stock") at a discount to the market price.  (Ex. C, §4).

15.    To exercise the conversion right, LG was required to submit a Notice of Conversion.  (Ex. C, §3).

16.    The price at which the Note was convertible (the "Conversion Price") for each share of Common Stock was to be equal to "**60% of <u>lowest closing bid price</u>** of the

Common Stock as reported on the OTC Markets Group OTCPINK exchange which the Company's shares are traded or any exchange upon which the Common Stock may be traded in the future ("Exchange"), for the ***twenty*** prior trading days including the day upon which a Notice of Conversion is received by the Company . . . ." (Ex. C, §4(a)).

17.     To ensure the availability of shares for the purposes of conversion, Section 12 provides that BGNN would initially "issue irrevocable transfer agent instructions reserving 15,625,000 shares of its Common Stock for conversions under this Note (the "Share Reserve")." (Ex. C, §12). Additionally, the Note states that the "company should at all times reserve a minimum of four times the amount of shares required if the note would be fully converted." (*Id.*). The Note also provides that the "reserve shall be replenished as needed to allow for conversions of this Note." (*Id.*).

18.     Moreover, the conversion feature was material to LG in entering into the Note. Investment in BGNN came with significant risk due to its unstable financial condition. The conversion feature of the Note allowed LG to obtain stock at a discount to the market price, then resell it on the open market to third parties to earn profits at a significantly higher rate than the 8% interest on the Note. The conversion feature also afforded BGNN the ability to fulfill its obligations under the Note without expending its own liquid assets. Any failure by BGNN to honor Notices of Conversion, therefore, would deprive LG of an essential benefit for which it negotiated and purchased the Note.

**BGNN's Willful Refusal to Honor LG's Notice of Conversion**

19.     On July 16, 2015, LG submitted a Notice of Conversion electing to convert $3,750.00 principal and $149.59 interest of the Note into 4,332,877 shares of BGNN Common Stock, representing a conversion price of $0.0009 per share (the "2015 Notice of

Conversion"). A true and correct copy of the Notice of Conversion is attached hereto as **Exhibit F**.

      20.    BGNN did not deliver the shares pursuant to the July 16, 2015 Notice of Conversion.

      21.    Between January 19, 2016 and July 6, 2016, LG submitted nine (9) conversions in various amounts, totaling $14,825.00 in principal and $1,467.03 interest. BGNN honored each conversion by honoring the requisite number of shares of its common stock to LG, leaving a principal balance of $63,925.00. A table of the dates and amounts converted is provided in **Figure 1** below. True and accurate copies of the notices of conversion are attached hereto as **Exhibit G**.

**Figure 1:**

| Conversion Date | Principal | Interest | Total |
|---|---|---|---|
| January 19, 2016 | $2,750.00 | $222.41 | $2,972.41 |
| February 3, 2016 | $1,631.00 | $137.27 | $1,768.27 |
| March 18, 2016 | $1,090.00 | $102.25 | $1,192.25 |
| March 31, 2016 | $1,079.00 | $104.29 | $1,183.29 |
| April 15, 2016 | $1,250.00 | $124.93 | $1,374.93 |
| April 28, 2016 | $1,235.00 | $126.95 | $1,361.95 |
| May 18, 2016 | $1,815.00 | $194.53 | $2,009.53 |
| May 31, 2016 | $1,815.00 | $199.70 | $2,014.70 |
| July 6, 2016 | $2,160.00 | $254.70 | $2,414.70 |
| **Total** | $14,825.00 | $1,467.03 | $16,292.03 |

      22.    As it had done on the prior nine (9) occasions, on July 26, 2016, LG duly submitted a Notice of Conversion to BGNN, electing to convert $2,155.00 of the principal amount and $263.56 of accrued interest of the Note into 40,309,333 shares of BGNN Common Stock, representing a conversion price of $0.00006 per share (the "2016 Notice of Conversion"). A true and correct copy of the July 26, 2016 Notice of Conversion is attached hereto as **Exhibit H.**

23.     BGNN did not deliver the shares by July 29, 2016, and this conversion also remains outstanding to date.

24.     BGNN's obligation to deliver shares of BGNN Common Stock requested in the July 16, 2015 Notice of Conversion and the July 26, 2016 Notice of Conversion, pursuant to the terms of the Note, is clear and indisputable.  BGNN's failure to deliver those shares of Common Stock, in violation of its contractual obligation to do so, is equally clear and indisputable.

## BGNN's Defaults

25.     BGNN's deliberate refusal to honor the Note has led to no less than five (5) Events of Default outlined in Section 8 of the Note.

26.     First, Section 8(k) of the Note states that an Event of Default shall occur if "[t]he Company shall not deliver to the Holder the Common Stock pursuant to paragraph 4 herein without restrictive legend within 3 business days of its receipt of a Notice of Conversion."  (Ex. C, §8(k)).

27.     On July 21, 2015, the third day after receipt of the 2015 Notice of Conversion, BGNN caused an Event of Default by failing to deliver 4,332,877 shares of its Common Stock to LG.

28.     BGNN caused a second Event of Default on July 29, 2016, the third day after receipt of the 2016 Notice of Conversion, by failing to deliver 40,309,333 shares of its Common Stock to LG.

29.     The right of conversion is unequivocal, and material to the agreement.  By not delivering the shares requested in the July 16, 2015 Notice of Conversion and the

July 26, 2016 Notice of Conversion, or hindering delivery of such in any way, BGNN is in breach of the Note.

30.     Third, Section 8(a) of the Note states that an Event of Default shall occur if "[t]he Company shall default in the payment of principal or interest on this Note or any other note issued to the Holder by the Company."  (Ex. C, §8(a)).

31.     In addition to BGNN causing an Event of Default by failing to deliver shares on two Notices of Conversion, on January 13, 2016, the Note reached maturity, becoming due and payable.  BGNN failed to pay the outstanding principal and interest due and owing.  Thus, BGNN caused another Event of Default under Section 8(a) of the Note.

32.     Additionally, Section 8(b) of the Note states that an Event of Default shall occur if:

> Any of the representations or warranties made by the Company herein or in any certificate or financial or other written statements heretofore or hereafter furnished by or on behalf of the Company in connection with the execution and delivery of this Note, or the Securities Purchase Agreement under which this note was issued shall be false or misleading in any respect. (Ex. C, §8(b)).

33.     By failing to comply with the aforementioned provisions of the Note, BGNN has breached each representation relating to maintenance of the Share Reserve, delivery of shares upon conversion, and repayment of the balance due and owing.  By doing so, BGNN's actions have caused another Event of Default under Section 8(b) of the Note.

34.     Finally, Section 8(c) of the Note states that an Event of Default shall occur if the "Company shall fail to perform or observe, in any respect, any covenant, term, provision, condition, agreement or obligation of the Company under this Note or any other note issued to the Holder."  (Ex. C, §8(c)).

35.     As of the date of this filing, BGNN has not delivered the shares of its Common Stock as requested in both Notices of Conversion, nor has it repaid the Note. Therefore, the Company is in clear breach of Section 8(c) of the Note.

36.     At no point has LG ever, whether formally or informally, in writing or orally, waived any one of BGNN's defaults.

<u>**REMEDIES**</u>

37.     Due to BGNN's persistent and willful failure to remedy its breaches, LG has incurred significant damage.

38.     As of the date of this filing, BGNN has not delivered the shares required pursuant to the July 16, 2015 Notice of Conversion or the July 26, 2016 Notice of Conversion, and thus remains in default of the Note.

39.     Common stock in BGNN now trades under the symbol EEIG.  A true and correct of Defendant's SEC filing detailing the name and symbol change is attached hereto as **Exhibit I**.  Also, on February 24, 2017, a reverse stock split in the ratio of one (1) new share for every ten thousand (25,000) shares took effect.   A true and correct screen-cap of Defendant's OTCMarkets.com security details page detailing the reverse stock split is attached hereto as **Exhibit J.**

40.     On July 21, 2015, the date of BGNN's breach for failure to deliver shares pursuant to the July 16, 2015 Notice of Conversion, the market price of BGNN's common stock was \$45.3125, or \$0.0018[1] at the pre-reverse split price.  A true and correct copy of the print out of BGNN's historical stock chart is attached hereto as **Exhibit K**.

---

[1] \$45.3125/25,000 = \$.0018125

41.    Plaintiff could have sold 4,332,877 shares of BGNN's common stock on the open market for $7,799.18.

42.    Thus, Plaintiff is entitled to damages related to the July 16, 2015 Notice of Conversion in the amount of $7,799.18.

43.    In addition, Plaintiff is also entitled to damages from Defendant's failure to honor the July 29, 2016 Notice of Conversion, as well as actual damages in the form of the outstanding principal and interest due and owing.

44.    The date of breach for BGNN's breach for failure to deliver shares pursuant to the July 26, 2016 Notice of Conversion is July 29, 2016, however, the next available day for price information is August 1, 2016.  The market price of BGNN's common stock on August 1, 2016, was $3.125, or $0.000125[2] at the pre-reverse split price.  A true and correct copy of the print out of BGNN's historical stock chart is attached hereto as **Exhibit L**.

45.    Accordingly, on August 1, 2016, 40,309,333 shares of common stock in BGNN could have sold on the open market for $5,038.67.

46.    Thus, LG is entitled to damages related to the July 26, 2016 Notice of Conversion in the amount of $5,038.67.  Accordingly, the total damages related to the two outstanding conversions amounts to $12,837.85.

47.    In addition to its expectation damages in the total amount of $12,837.85 from BGNN's failure to honor the two Notices of Conversion, LG is entitled to repayment of the remaining principal and interest of the Note, as there would have been a balance on the Note following the conversions.

---

[2] $3.125/25,000 = $.000125

48.     Pursuant to Section 8 of the Note, LG may consider the Note "immediately due and payable" upon an Event of Default.  (Ex. C, §8).  Accordingly, LG was entitled to consider the Note due and payable following the numerous Events of Default.

49.     The Note provides that upon any Event of Default under the Note, interest is to accrue at a default rate of twenty-four (24%) per annum.  (*Id.*).  Additionally, regular interest accrued until the Event of Default at a rate of eight percent (8%) per annum.

50.     If BGNN had honored the July 16, 2015 Notice of Conversion of $3,750.00 principal, and the July 26, 2016 Notice of Conversion of $2,155.00 in principal, then this amount would have reduced the total outstanding principal to $58,020.00.[3]  Accordingly, to place Plaintiff in the position that it would have been in had Defendant honored the two conversions, regular interest and default interest would have accrued on the $58,020.00 remaining principal.

51.     Therefore, as of July 16, 2018, and in addition to damages related to the conversions, LG is entitled to $95,895.22 in compensatory damages on the Note, consisting of $58,020.00 in outstanding principal, $7,121.36 in regular interest, and $30,753.86 in default interest.  *See* **Figure 2** below.

---

[3] It is Plaintiff's practice to convert the amount of interest accrued to date on the amount of principal being converted.  Thus, interest can be calculated as though those amounts of principal had been excluded from commencement of the Note.

**Figure 2:**

| LG Capital: BGNN Note | Note |
|---|---|
| Face Value | $78,750.00 |
| Converted Principal | $20,730.00 |
| Balance | $58,020.00 |
| Commencement Date | 1/13/15 |
| Funding Date | 1/16/15 |
| Default Date | 7/29/16 |
| Days of Regular Interest | 560 |
| Days of Default Interest | 718 |
| Regular Rate | 0.08 |
| Default Rate | 0.24 |
| | |
| | |
| Total Regular Interest Accrued = [(Balance x Regular Interest Rate) x (Days of Regular Interest/365)] | $7,121.36 |
| | |
| Total Balance on Default Date = Balance + Regular Interest Accrued | $65,141.36 |
| | |
| Total Default Interest Accrued = [(Balance on Default Date x Default Interest Rate) x (Days of Default Interest/365)] | $30,753.86 |
| | |
| Total Due and Owing on 7/16/2018 = Balance on Default Date + Default Interest Accrued | $95,895.22 |

52.     Section 7 states that the "Company agrees to pay all costs and expenses, including reasonable attorneys' fees and expenses, which may be incurred by the Holder in collecting any amount due under this Note." (Ex. C, §7). Therefore, LG is also entitled to all costs and attorneys' fees associated with enforcement and collection under this Note.

53.     This provision is reinforced by Section 8 of the Note, which states that "[i]f the Holder shall commence an action or proceeding to enforce any provisions of this Note, including, without limitation, engaging an attorney, then if the Holder prevails in such

action, the Holder shall be reimbursed by the Company for its attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of such action or proceeding." (Ex. C, §8).

54.     Finally, the parties agreed in Section 9 that "[i]n case any provision of this Note is held by a court of competent jurisdiction to be excessive in scope or otherwise invalid or unenforceable, such provision shall be adjusted rather than voided, if possible, so that it is enforceable to the maximum extent possible, and the validity and enforceability of the remaining provisions of this Note will not in any way be affected or impaired thereby." (Ex. C, §9).

### FIRST CLAIM FOR RELIEF
(BREACH OF CONTRACT – Failure to Deliver Shares Pursuant to 2015 Notice of Conversion)

55.     LG re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.     A valid contract exists between LG and BGNN.

57.     LG performed all of its obligations under the Note.

58.     BGNN breached the terms of the Note by failing to file the required reports to become current in its SEC filings, thus allowing LG to convert.

59.     BGNN breached the terms of the Note when it failed to deliver shares of its Common Stock pursuant to the July 16, 2015 Notice of Conversion.

60.     LG has been damaged by BGNN's failure to deliver shares upon request by Notice of Conversion.

61.     LG, therefore, is entitled to an award of damages in the amount of seven thousand seven hundred ninety-nine dollars and eighteen cents ($7,799.18).

## SECOND CLAIM FOR RELIEF
(BREACH OF CONTRACT – Failure to Deliver Shares Pursuant to 2016 Notice of Conversion)

62.     LG re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.     BGNN breached the terms of the Note when it failed to increase LG's share reserve.

64.     BGNN breached the terms of the Note when it failed to deliver shares of its Common Stock pursuant to the July 26, 2016 Notice of Conversion.

65.     LG has been damaged by BGNN's failure to deliver shares upon request by Notice of Conversion.

66.     LG, therefore, is entitled to an award of damages in the amount of five thousand thirty-eight dollars and sixty-seven cents ($5,038.67).

## THIRD CLAIM FOR RELIEF
(BREACH OF CONTRACT – Failure to Repay the Balance of Note)

67.     LG re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     BGNN breached the terms of the Note when it failed to pay the outstanding principal and interest remaining on the Note after the July 26, 2016 Notice of Conversion.

69.     BGNN has failed to repay the monies due and owing to LG.

70.     LG, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than ninety-five thousand five hundred dollars ($95,500.00).

## FOURTH CLAIM FOR RELIEF
(UNJUST ENRICHMENT)

71.     In the alternative, LG re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 54 of this Complaint as if fully set forth herein.

72.     BGNN has failed to make restitution for the monies loaned to it by LG pursuant to the terms of the Note.

73.     BGNN accepted LG's money under such circumstances that it created a legal or equitable obligation to account for the money, and has not made restitution to LG.

74.     LG, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than one hundred and eight thousand dollars ($108,000.00).

## FIFTH CLAIM FOR RELIEF
(COSTS, EXPENSES, & ATTORNEYS' FEES)

75.     LG re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76.     In accordance with Section 7 and 8 of the agreement between the parties, BGNN agreed to pay all costs and expenses, including reasonable attorneys' fees and expenses, incurred by LG in collecting any amount under the Note.

77.     Therefore, LG is entitled to an award against BGNN for costs and expenses incurred in the prosecution of this lawsuit, including reasonable legal fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LG Capital Funding, LLC, seeks judgment against Defendant, 024 Pharma, Inc. f/k/a B Green Innovations, Inc., as follows:

i.      On the First Claim for Relief, for damages in the amount of seven thousand seven hundred ninety-nine dollars and eighteen cents ($7,799.18);

ii.     On the Second Claim for Relief, for damages in in the amount of five thousand thirty-eight dollars and sixty-seven cents ($5,038.67);

iii.    On the Third Claim for Relief, for damages in an amount to be determined at trial, but not less than ninety-five thousand five hundred dollars ($95,500.00);

iv.     On the Fourth Claim for Relief, for damages in an amount to be determined at trial, but not less than one hundred and eight thousand dollars ($108,000.00);

v.      On the Fifth Claim for Relief for an award of LG's costs and expenses in prosecuting this action, including reasonable legal fees; and

vi.     For such other further relief as the Court may deem just, proper, and in the interest of justice.

**DATED:**     NEW YORK, NEW YORK
                JULY 16, 2018

                                        RESPECTFULLY SUBMITTED

                                        GARSON, SEGAL,
                                        STEINMETZ, FLADGATE LLP
                                        *ATTORNEYS FOR PLAINTIFF*

                                        **BY:** _____/s/_____
                                                KEVIN KEHRLI (KK1536)
                                                164 WEST 25TH STREET
                                                SUITE 11R
                                                NEW YORK, NY 10001
                                                TELEPHONE: (212) 380-3623
                                                FACSIMILE: (347) 537-4540
                                                EMAIL: KK@GS2LAW.COM